UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMES G. SHANNON, JR.,

Appellant,

v.        6:10-cv-69

MORALES-ARCADIO CREDITORS,
REYES-FUENTES CREDITORS,

Appellees.

(Bankruptcy Case 09-61153-LWD)

## ORDER

### I. INTRODUCTION

Appellant James G. Shannon ("Shannon") has appealed an order entered by the Bankruptcy Court granting the motions to extend the time to file dischargeability complaints filed by the Morales-Arcadio and Reyes-Fuentes Creditors (the "Creditors"). *See* Doc. 1. The Creditors have moved to dismiss this appeal. *See* Docs. 5 and 6.

### II. BACKGROUND

Shannon's debt to the Creditors arises out of consent judgments and a security agreement entered into between the parties to settle a lawsuit in which the Creditors alleged Shannon's violation of the Fair Labor Standards Act. *See* Doc. 3-9 at 1. Shannon filed for Chapter 11 bankruptcy on December 4, 2009. *See id.* The Creditors claim that Shannon's debt is not dischargeable in bankruptcy, but they did not file dischargeability complaints within the prescribed sixty-day period. *See id.*

The Federal Rules of Bankruptcy Procedure provide:

> [A] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) . . . On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

FED. R. BANKR. P. 4007(c).

Here, the section 341 meeting was scheduled for January 8, 2010, making the deadline for filing dischargeability complaints March 9, 2010. *See* Doc. 3-9 at 3. The Morales-Arcadio Creditors filed a motion to extend the deadline on March 5, 2010, and the Reyes-Fuentes Creditors joined that motion on March 9, 2010. *See id.*

The Bankruptcy Court concluded, after allowing the parties to make oral and written arguments, that the Creditors had "shown good cause for an extension of time." *See id.* 2-3. Shannon now appeals that decision. *See* Doc. 1. Specifically, Shannon's issues on appeal are as follows:

> Whether or not cause exists to extend time for filing deadline for filing non-dischargeability complaint for Morales-Arcadio Creditors, including but not limited to, consideration of timeliness of Morales-Arcadio Creditors' discovery requests and motion for extension of deadline.

Whether or not cause exists to extend time for filing deadline for filing non-dischargeability complaint for Reyes-Fuentes Creditors, including but not limited to, consideration of timeliness of Reyes-Fuentes Creditors' motion for extension of deadline.

*See* Doc. 3 at 2.

The Creditors have moved to dismiss the appeal on the basis that it is interlocutory, and should not be considered by this Court. *See* Doc. 5 at 3-4. Shannon claims that the appeal is not interlocutory, and that even if the Court disagrees, Shannon argues that the Court should grant him leave to appeal and exercise its discretionary authority to review the Bankruptcy Court's Order. *See* Doc. 7 at 4.

## II. APPEAL IS INTERLOCUTORY

The Court finds that this appeal challenges a non-final, interlocutory order. Although the Eleventh Circuit does not provide specific guidance on this point, several circuits have held that an order granting an extension of the time in which to file a dischargeability complaint is interlocutory. *See Eagle v. Bank of Am. (In re Eagle)*, 373 B.R. 609, 610 (8th Cir. 2007) (holding that an "order grant[ing] an extension of time to file a complaint to seek a denial of the Debtor's discharge . . . is interlocutory"); *PapSDV Y ,QW O 0LQHUDQV Res., S.A (In re Pappas)*, 215 B.R. 646, 649 (2d Cir. 1998) (treating an order granting and extension of time to file dischargeability complaint as interlocutory); *Travers v. Dragul*, 202 B.R. 624, 625-26 (*In re* Travers) (9th Cir. 1996) (order granting extension of time to file dischargeability complaint was interlocutory because "[t]he decision to permit the filing of a complaint, far from conclusively determining a dispute over a creditor's claim, sets that dispute into motion [such that the] order is not a final one") (quoting *Connelly v. Shatkin Inv. Corp.*, 57 B.R. 794, 796 (N.D. Ill. 1986)).

The Court finds that the Order is not final because it's effect is to open the way for more proceedings before the Bankruptcy Court, as opposed to ending the litigation or some substantial part of the case. *See, e.g., Lockwood v. Snookies, Inc. (In re F.D.R. Hickory House, Inv.)*, 60 F.3d 724, 726 (11th Cir. 1995) (explaining that "an order *approving* a compromise is final because it finally determines the rights of the parties. An order *disapproving* a compromise, however, is not final. It determines no rights and settles no issues. It merely leaves the question open for future adjudication.") (internal quotations omitted).

Shannon cites *In re Herring*, 116 B.R. 313 (M.D. Ga. 1990), for the proposition that "the failure to appeal an order granting extending [sic] a deadline precludes a debtor from later challenging that extension." *See* Doc. 7 at 4. Shannon overstates the *Herring* court's holding, which deals primarily with standing issues and was expressly limited to the facts of the case. *See Herring*, 116 B.R. at 315 ("The Court believes in this particular fact situation that the Plaintiff should be able to rely on the unappealed order of this court.").

## III. COURT DECLINES TO EXERCISE JURISDICTION

This Court has the authority to consider interlocutory appeals in bankruptcy cases under certain circumstances. *See* 28 U.S.C. § 158(a). As the Eleventh Circuit has observed, however, "[p]ower is one thing, the prudent exercise of it is another." *McFarlin v. Conseco Servs., Inc.*, 381 F.3d 1251, 1256 (11th Cir. 2004) (denying permission to appeal and interlocutory bankruptcy ruling). "[A]ppeal of non-final, or interlocutory orders, is an extraordinary measure." *FXM, P.C. v. Gordon*, 2007 WL 3491274, at *2 (N.D. Ga. Nov. 6, 2007) (citing *In re Charter Co.*, 778 F.2d 617, 621 (11th Cir.1985)).

Interlocutory review is appropriate when the order involves: "a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). *See also In re Allied Holdings, Inc.*, 376 B.R. 351, 357 (N.D. Ga. 2007) (noting that 28 U.S.C. § 1292(b) applies to bankruptcy appeals); *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008) (all elements must be satisfied for proper interlocutory review).

Whether the Court reviews an interlocutory appeal is "wholly discretionary." *Id.* at 358. *See also McFarlin*, 381 F.3d at 1259 ("Even when all of [the] factors are present, the court of appeals has discretion to turn down a § 1292(b) appeal.").

Generally, in order to obtain such review, the appellant must seek permission from the district court. *See* 28 U.S.C. § 158(a)(3) (permitting district courts to review interlocutory bankruptcy decisions "with leave of court").

Here, Shannon did not seek leave to file his appeal, but argues that his notice of appeal was timely filed, and is sufficient to satisfy this requirement. *See* Doc. 7 at 4-5. *See also* FED. R. BANKR. P. 8003(c) (permitting the district court to treat a notice of appeal as a motion for leave to appeal).

The Court construes Shannon's notice of appeal as a motion for leave to appeal, but denies the same. As the Bankruptcy Court explained, the Creditors timely filed their motion for an extension of the time in which to file their dischargeability complaints. *See* Doc. 3-9 at 3-4 ("The rule plainly states that the deadline applies to the filing of the motion; it makes no mention of a requirement that the motion be granted by the deadline. In fact, courts have held that a motion for extension of time filed on the last day of the deadline is timely filed.").

Shannon has not presented, and the Court has not found, any authority suggesting that the Bankruptcy Court did not have the power to grant the Creditors' extension, assuming cause existed. *See* FED. R. BANKR. P. 4007(c). Whether such cause supported the extension is, of course, a separate question, and the crux of this appeal. This issue, however, does not involve a "controlling question of law" sufficient to meet the requirements for a proper interlocutory appeal.

3

The Eleventh Circuit has held that, under § 1292(b):

> The term "question of law" does not mean the application of settled law to fact. It does not mean any question the decision of which requires rooting through the record in search of the facts or of genuine issues of fact. Instead, what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of "pure" law, matters the court of appeals "can decide quickly and cleanly without having to study the record.

*McFarlin*, 381 F.3d at 1258 (internal citations omitted).

Here, the Bankruptcy Court determined that the facts in the record were sufficient to justify an extension of time. This is not a question of pure law. In appealing this ruling, Shannon asks this Court to "second guess the reasonableness of the bankruptcy court's judgment, but this is not the purpose of interlocutory review." *FXM, P.C. v. Gordon*, 2007 WL 3491274, at *4 (N.D. Ga. Nov. 6, 2007).

Shannon's request for leave to appeal is, therefore, ***DENIED***, and the Creditors' Motions to Dismiss are ***GRANTED***.

*This 16th day of December 2010.*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA